UNION COUNTY SAVINGS BANK, a corporation of New Jersey, complainant-respondent,

*v.*

JACOB KOLPENITSKY and LENA KOLPENITSKY, his wife, et al., defendants; FRANKLIN STORES Co., defendant-appellant.

[Decided February 6th. 1939.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stein, who filed the following opinion:

"This is a motion to strike the answer of the defendant Franklin Stores Co., filed in foreclosure proceedings brought by complainant whose mortgage for $36,000 is dated February 4th, 1928.

"The defendant Franklin Stores Co. was made a defendant in said proceedings as lessee under a lease dated six years after the making of the mortgage namely, January 5th, 1934. Said lease by its terms is to commence July 1st, 1934, and expire on July 1st, 1935. The defendant occupied the leased premises at the time the foreclosure bill was filed on January 22d, 1938.

"The answer of the defendant lessee filed in the foreclosure proceedings denies (1) that its lease is subject to the

lien of complainant's mortgage; that (2) the lease was renewed from year to year thereafter; that (3) complainant as mortgagee on June 5th, 1934, 'acquired possession and control of the premises' * * * 'and the tenancy that was existing between Jacob Kolpenitsky and the defendant Franklin Stores Co. was renewed by complainant' * * * 'and is not subject to the lien of the mortgage * * *.'

"The answer further alleged the non-joinder of other tenants and the bill was later amended by order of the court to include such tenants, but no further answer was filed by the defendant Franklin Stores Co. to the complaint as amended.

"The grounds upon which the motion to strike is rested are that the answer is sham, untrue, and without foundation in fact and filed for the purpose of delay and presents no defense to the bill of complaint.

"Upon the return of the notice of motion to strike the matter was heard and argued upon the affidavits produced by the complainant and the defendant. The complainant's evidence proved its mortgage, the default and the balance due it for principal, interest and taxes paid by complainant, after crediting the rents received from 'Max Tieger, agent of Jacob Kolpenitsky.' Edward J. Donahue, complainant's treasurer, in his affidavit denies that complainant on June 5th, 1934, or at any time thereafter acquired or took possession of the mortgaged premises prior to the filing of the bill to foreclose, and says complainant did not renew the lease or tenancy of the defendant; that one Max Tieger collected the rents and managed the property as agent for the owner Kolpenitsky and that Tieger was not acting in the collection of rents and the management of the property as complainant's agent.

"Max Tieger's affidavit on the part of complainant shows that as far back as June 7th, 1934, he was authorized by letter in writing by the owner, Kolpenitsky, to manage the mortgaged property, collect the rents and turn over the rents to the complainant; that he continued under this arrangement to manage the property and turn over the rents to complainant ever since and up to and after the filing of the complaint herein; that he collected the rent for the owner from

Franklin Stores Co. under the defendant's lease which he (Tieger) had in his possession; that the complainant never exercised 'any dominion or control over the premises,' and that he 'never acted as the agent of the Union County Savings Bank in managing the property or collecting rents therefrom * * *.' Annexed to his affidavit is the letter dated June 7th, 1934, by Kolpenitsky authorizing Tieger 'to assume the management of the property' and to collect the rents and to pay the same less expenses and collection fees to the complainant. The letter to Tieger sets forth the tenants, the rent each tenant is to pay, and fixes his commissions at five per cent. for collection of rents and one-half of one month's rent as commission to Tieger in case of vacancies where Tieger procures new tenants. It also reserves the right in the owner or Tieger to cancel the agency on thirty days' written notice.

"Jacob Kolpenitsky, the owner, in his affidavit filed and read by the defendant corroborates Tieger.

"The remaining affidavits offered by defendant are those of Chester Gurski and Edward Sobocienski.

"All that Chester Gurski, branch manager of the defendant, says in his affidavit is that when he requested repairs of Tieger he was informed by Tieger that he would have 'to take the matter up with bank.'

"The remaining affiant for the defendant, Edward Sobocienski, describes himself as assistant secretary of the Franklin Stores Co.; he then says that he read the answer filed by the defendant 'and the matters and things therein set forth are true to the best of my knowledge, information and belief * * *;' that the lease dated December 1st, 1930, 'was renewed from year to year by and between said parties;' that 'on or about June 5th, 1934, I am informed and verily believe the complainant herein acquired possession and control of said premises and the tenancy then existing between the aforesaid parties was renewed by the complainant * * *.' This is the only attempt on the part of defendant (made by incompetent hearsay evidence) to prove a renewal of the lease by complainant with defendant. The statements contained in Sobocienski's affidavit that the lease was renewed

and that complainant acquired possession and control and renewed the tenancy then existing is stated on information and belief. Hearsay is just as incompetent in affidavits as in oral testimony. *Bull* v. *International Power Co., 87 N. J. Eq. 1, 7;* *O'Neill* v. *Linowitz, 92 N. J. Eq. 179, 182.* Allegations of fact on information and belief without giving the source of the information and the grounds of the belief and without the affidavit of any person having actual knowledge of the facts are not sufficient whether contained in a bill of complaint or affidavits. *Maplewood Township* v. *Margolis, 102 N. J. Eq. 467, 468.*

"Thus there is no proof whatever that complainant was a mortgagee in possession or that it exercised any control over the management of the premises. The possession was at all times in Kolpenitsky who managed the same through and by his agent appointed in writing.

"The answer is sham because it is false in fact. *Milberg* v. *Keuthe, 98 N. J. Law 779;* *In re Beam, 93 N. J. Eq. 593.*

"The motion to strike is granted."

*Mr. David B. Braelow* (*Lillian Clawans,* of counsel), for the appellant.

*Mr. Raymond T. Parrot,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court of chancery by Vice-Chancellor Stein.

*For reversal*—None.